# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Martin Gavino Guzman,<br><br>    Petitioner,<br><br>vs.<br><br>Charles L. Ryan, et al.,<br><br>    Respondents. | CV-09-357-TUC-DCB (JCG)<br><br>**REPORT & RECOMMENDATION** |

Petitioner Martin Gavino Guzman, presently incarcerated at the Arizona State Prison Complex, South Unit, in Florence, Arizona, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Pursuant to the Rules of Practice of this Court, this matter was referred to Magistrate Judge Guerin for Report and Recommendation. Before the Court are the Petition for Writ of Habeas Corpus ("Petition") (Doc. No. 1), Respondents' Answer to Petition for Writ of Habeas Corpus ("Answer") (Doc. No. 8) and Petitioner's Reply (Doc. No. 11). The Magistrate Judge recommends that the District Court dismiss the petition on the ground that it is time barred.

## FACTUAL AND PROCEDURAL BACKGROUND

Following a bench trial, Petitioner was convicted of two counts of molestation of a child, four counts of sexual conduct with a minor under fifteen, and one count of continuous sexual abuse of a child, all dangerous crimes against children. (Answer, Ex. A.) On June 26, 1996, the trial court sentenced Petitioner to consecutive twenty-eight and seventeen-year

terms of imprisonment for the molestation convictions and consecutive terms of imprisonment for life with no possibility of parole for thirty-five years for the remaining convictions. (Answer, Ex. B.)

On December 4, 1997, the Arizona Court of Appeals affirmed all but one of Petitioner's convictions and sentences. (Answer, Ex. G.) Petitioner petitioned for review by the Arizona Supreme Court; the Arizona Supreme Court denied the petition on September 24, 1998. (Answer, Ex. H.)

On May 13, 1998, Petitioner initiated post-conviction relief proceedings pursuant to Rule 32, Ariz. R. Crim. P., by filing a notice of post-conviction relief ("First Rule 32 Proceedings"). (Answer, Ex. I.) He later filed a petition for post conviction relief.[1] (Answer, Ex. C.) The trial court denied Petitioner's First Rule 32 Proceedings, and Petitioner petitioned for review by the Arizona Court of Appeals. (*Id*.) On May 18, 2000, the Court of Appeals denied the petition for review. (*Id*.)

On December 26, 2008, Petitioner filed a Notice of Post-Conviction Relief ("Second Rule 32 Proceedings"). (Answer, Ex. D.) On January 8, 2009, the trial court denied Petitioner's Second Rule 32 Proceedings. (Answer, Ex. E.) Petitioner petitioned for review by the Arizona Court of Appeals; the Court of Appeals denied the petition on June 3, 2009. (Answer, Exs. A, F.)

On June 29, 2009, Petitioner filed a Petition for Writ of Habeas Corpus in federal court, in which he presents three grounds for relief:[2]

Ground 1: Petitioner's Fifth & Fourteenth Amendment rights were violated when he received illegally enhanced multiple sentences;

Ground 2: Petitioner's Sixth Amendment rights were violated when (a) his sentence was enhanced by facts neither found by a jury nor admitted by Petitioner; (b) the trial court

---

[1] According to the trial court's order denying Petitioner's Second Rule 32 Petition, Petitioner filed his First Rule 32 Petition on February 19, 1999 and the trial court denied it on November 2, 1999. (Answer, Ex. E.) The First Rule 32 Petition is not included in the record, nor does the record include the trial court's order denying the First Rule 32 Petition.

[2] Petitioner's Petition for Writ of Habeas Corpus presents various arguments within each "Ground for Relief" and is difficult to decipher.

sentenced Petitioner based on statements of witnesses whom Petitioner did not have an opportunity to confront; (c) Petitioner received ineffective assistance of counsel; and (d) Petitioner was not properly informed of the nature and cause of the charges against him; and

Ground 3: Petitioner's Due Process and Equal Protection rights were violated when he was selectively prosecuted and the state withheld exculpatory evidence.

## **DISCUSSION**

Federal petitions for writ of habeas corpus filed by state prisoners are governed by a one-year statute of limitations period. *See* 28 U.S.C. § 2244(d)(1). The statute of limitations begins to run from the latest of: (1) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (2) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (3) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1).

Of these possible starting dates, only the first, second and third are relevant to the present action. Petitioner does not allege that his Petition is predicated on newly-discovered evidence that could not have been discovered earlier through the exercise of due diligence.

The judgment against Petitioner became final on December 23, 1998, 90 days after the Arizona Supreme Court denied Petitioner's petition for review of the Arizona Court of Appeals' decision on appeal. *See Bowen v. Roe*, 188 F.3d 1157 (9th Cir. 1999) (holding that the period within which a petitioner could have sought direct review of his conviction includes the ninety-day period within which petitioner could have filed a petition for a writ of certiorari from the United States Supreme Court); *see also* 28 U. S.C. § 2244(d)(1)(A) (stating that a judgment becomes final at the later of either the conclusion of direct review or the expiration of the time for seeking such review). Under ordinary circumstances, the

one- year statute of limitations would have began to run on that date. However, on May 13, 1998, before the Arizona Supreme Court denied Petitioner's petition for review of the Court of Appeals' decision, Petitioner initiated his First Rule 32 Proceedings. When a properly filed state post-conviction relief request is pending, the proscribed one year statute of limitations may be tolled. *See* 28 U.S.C. § 2244(d)(2). Since Petitioner properly filed his First Rule 32 Proceedings, the one-year statute of limitations was tolled until May 18, 2000, when the Arizona Court of Appeals denied review of the trial court's denial of Petitioner's First Rule 32 Proceedings. The statutory period then ran for one year, from May 19, 2000 to May 19, 2001, when it expired. *See Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001) (calculating the 1-year period using the "anniversary method" of Rule 6(a), Fed. R. Civ. P.).

Petitioner alleges in his Reply, however, that the statute of limitations should not begin to run from the date that his judgment became final because he claims he was impeded by State action in violation of the Constitution or laws of the United States from timely filing his federal Petition. The "state action" that Petitioner alleges, however, is that the title of the AEDPA is confusing and led Petitioner to believe that it only applies to cases involving terrorism and/or the death penalty, not his own criminal proceedings. Section 2244(d)(1)(B) applies only to impediments created by state action that violate the Constitution or laws of the United States. *See* 28 U.S.C. § 2244(d)(1)(B); *Shannon v. Newland*, 410 F.3d 1083, 1088 n. 4 (9th Cir.2005). In order "[t]o obtain relief under section 2244(d)(1)(B), the petitioner must show a causal connection between the unlawful impediment and his failure to file a timely habeas petition." *Bryant v. Arizona Attorney Gen.*, 499 F .3d 1056, 1060 (9th Cir. 2007). Petitioner's lack of understanding of the law is not "unlawful state action" within the meaning of 28 U.S.C. § 2244(d)(1), and is not grounds for statutory tolling.

Petitioner also alleges that his sentence violates *Blakely v. Washington,* 542 U.S. 296 (2004).[3] *Blakely* was decided on June 24, 2004. *See* 542 U.S. 296 (2004). If *Blakely* recognized a new constitutional right and made that right retroactive to cases on collateral review then, pursuant to 28 U.S.C. § 2244(d)(1), Petitioner's statute of limitations began to run on June 24, 2004. However, *Blakely* does not apply retroactively on collateral review. *See Schardt v. Payne*, 414 F.3d 1025, 1036 (9th Cir. 2005). Accordingly, the statute of limitations began to run on May 19, 2000, the date that Petitioner's conviction became final and was no longer tolled by pending Rule 32 Proceedings, not on the date that the *Blakely* decision was issued.

The filing of Petitioner's Second Rule 32 Proceedings does not affect this Court's conclusion that Petitioner's limitations period is expired. It was not filed until December 26, 2008, well after the federal statute of limitations had expired. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) (holding that § 2244(d) does not permit the re-initiation of the limitations period that has ended before the state petition was filed).

Equitable tolling may be available even after the statute of limitations period has expired if "extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." *Calderon v. United States Dist. Ct. (Beeler)*, 128 F.3d 1283, 1288 (9th Cir. 1997), overruled on other grounds, *Calderon v. United States Dist. Ct.*, 163 F.3d 530 (9th Cir. 1998)(en banc). Equitable tolling is unavailable in most cases. *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (quoting *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir.1999) and *Beeler,* 128 F.3d at 1288). Petitioner has not argued that he was unable to timely file the pending petition due to extraordinary circumstances beyond his control.

The last day of the limitations period was May 19, 2001. The instant petition was filed on June 26, 2009. It is therefore time-barred.

---

[3] The Court construes Petitioner's claim in Ground 2 that "Petitioner's Sixth Amendment rights were violated when his sentence was enhanced by facts neither found by a jury nor admitted by Petitioner," as a claim brought pursuant to *Blakely*.

**RECOMMENDATION**

Based on the foregoing, the Magistrate Judge recommends that the District Court enter an order DISMISSING the Petition for Writ of Habeas Corpus.

Pursuant to 28 U.S.C. §636(b), any party may serve and file written objections within ten days of being served with a copy of the Report and Recommendation. If objections are not timely filed, they may be deemed waived. The parties are advised that any objections filed are to be identified with the following case number: **CV-09-357-TUC-DCB**.

The Clerk is directed to mail a copy of the Report and Recommendation to Petitioner and counsel for Respondents.

DATED this 4th day of November, 2009.

*/s/ Jennifer C. Guerin*
Jennifer C. Guerin
United States Magistrate Judge