**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | | |
|---|---|---|
| Martin Gavino Guzman, | ) | CV-09-357-TUC-DCB |
| Petitioner, | ) | |
| v. | ) | |
| | ) | |
| Charles L. Ryan, et al., | ) | **ORDER** |
| | ) | |
| Respondents. | ) | |
| _____ | ) | |

This matter was referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b) and the local rules of practice of this Court for a Report and Recommendation (R&R) on the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. §2254. Before the Court is the Magistrate Judge's Report and Recommendation, which recommends that the Petition be denied and dismissed. The Petitioner filed Objections to the Report and Recommendation on November 18, 2009. Petitioner's objections reiterate the claims contained in the habeas petition and the reply to the Respondents' answer.

**STANDARD OF REVIEW**

When objection is made to the findings and recommendation of a magistrate judge, the district court must conduct a de novo review. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

**DISCUSSION**

Petitioner was convicted in Pima County Superior Court, case #CR 0051953, of molestation of a child, sexual conduct with a minor under 15, and continuous sexual abuse of a child and was sentenced to life imprisonment. Petitioner names Charles L. Ryan as Respondent in the Petition and the Arizona Attorney General as an Additional Respondent. Petitioner raises three grounds for relief: (1) Petitioner's sentence was illegally enhanced, in violation of the Fifth and Fourteenth Amendments; (2) Petitioner's Sixth Amendment rights to have a trier-of-fact determine sentence enhancing factors, trial by jury, effective assistance of counsel, to be informed of the nature and cause of the accusation, and to a speedy trial were violated; and (3) Petitioner's Fourteenth Amendment equal protection and due process rights were violated. Petitioner states that he has presented these claims to the Arizona Court of Appeals.

Respondents, in a thorough and detailed review of Petitioner's conviction, appeal and post-conviction litigation, argued as follows:

> Petitioner's habeas corpus petition is untimely. The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) imposes a 1-year limitation period on state prisoners filing habeas corpus petitions in federal court. 28 U.S.C. § 2244(d)(1). The limitation period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent

judgment or claim is pending shall not be counted toward any period of limitation." 28 U.S.C. § 2244(d)(2). Here, the Arizona Court of Appeals issued its memorandum decision affirming all but one of Petitioner's convictions on December 4, 1997... The Arizona Supreme Court denied review of Petitioner's claims on September 24, 1998...Petitioner filed his first notice of post conviction relief on May 1, 1998...Thus, no non-tolled time passed between the completion of Petitioner's direct appeal and the filing of his first notice of post conviction relief. The court of appeals denied this petition on May 18, 2000... Once that decision issued, Petitioner had no matter "pending" in state court. Therefore, the statute of limitations began to run on May 18, 2000, and Petitioner had until May 18, 2001 to file his habeas petition. He did not, however, file his petition until June 26, 2009.

Although Petitioner filed a second notice of post conviction relief on December 26, 2008, this did not serve to extend the time in which he could file a habeas petition. "The tolling provision does not . . . revive the limitations period (*i.e.* restart the clock at zero); it can only serve to pause a clock that has not yet fully run. ***Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations***." *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003) (internal quotation marks omitted, emphasis added). Therefore, Petitioner's filing of his second petition for post

conviction relief had no effect on the limitations period. Further, Petitioner has failed to assert that any later date for the start of the limitations period should apply. To the extent that he asserts that *Blakely v. Washington*, 542 U.S. 296 (2004), mandates resentencing in his case, *Blakely* had not been decided when Appellant's conviction became final in 1997, and the United States Supreme Court has not made *Blakely* "retroactively applicable to cases on collateral review." 28 U.S.C. § 2244(d)(1)(C); *see Scott v. Schriro*, 567 F.3d 573, 578, n.3 (9th Cir. 2009) ("*Blakely* does not apply retroactively to cases on collateral review."). Thus, this case law does not serve to impose a later date for the start of the limitations period. Because the habeas petition is untimely, this Court should dismiss it with prejudice. (Answer at 3-4.)

The Magistrate Judge's Report and Recommendation is thorough and well-reasoned:

> [T]he statute of limitations began to run on May 19, 2000, the date that Petitioner's conviction became final and was no longer tolled by pending Rule 32 Proceedings, not on the date that the *Blakely* decision was issued.
>
> The filing of Petitioner's Second Rule 32 Proceedings does not affect this Court's conclusion that Petitioner's limitations period is expired. It was not filed until December 26, 2008, well after the federal statute of limitations had expired. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) (holding that § 2244(d) does not

4

|  |  |
|---|---|
| 1 | permit the re-initiation of the limitations period that has |
| 2 | ended before the state petition was filed). Equitable |
| 3 | tolling may be available even after the statute of |
| 4 | limitations period has expired if "extraordinary |
| 5 | circumstances beyond a prisoner's control make it impossible |
| 6 | to file a petition on time." *Calderon v. United States Dist.* |
| 7 | *Ct. (Beeler)*, 128 F.3d 1283, 1288 (9th Cir. 1997), overruled |
| 8 | on other grounds, *Calderon v. United States Dist. Ct.*, 163 |
| 9 | F.3d 530 (9th Cir. 1998)(en banc). Equitable tolling is |
| 10 | unavailable in most cases. *Miranda v. Castro*, 292 F.3d 1063, |
| 11 | 1066 (9th Cir. 2002) (quoting *Miles v. Prunty*, 187 F.3d |
| 12 | 1104, 1107 (9th Cir.1999) and *Beeler,* 128 F.3d at 1288). |
| 13 | Petitioner has not argued that he was unable to timely file |
| 14 | the pending petition due to extraordinary circumstances |
| 15 | beyond his control. |
| 16 | The last day of the limitations period was May 19, 2001. The |
| 17 | instant petition was filed on June 26, 2009. It is therefore |
| 18 | time-barred. |

(R&R at 4-5.)

Petitioner's Objections do not highlight any new or pertinent law or facts that were left unconsidered or unresolved by the R&R. The record unequivocally reflects that the statutory period to file a petition for federal habeas relief ran from May 19, 2000 through May 19, 2001, with no applicable equitable or statutory tolling events. The habeas petition was filed June 26, 2009 and is time-barred.

**CONCLUSION**

Accordingly, after conducting a de novo review of the record,

**IT IS ORDERED** that the Court **ADOPTS** the Report and Recommendation (Doc. No. 12) in its entirety. The Objections raised by the Petitioner are **OVERRULED**.

**IT IS FURTHER ORDERED** that the Petition for Writ of Habeas Corpus (Doc. No. 1) is DENIED and this action is DISMISSED with prejudice. Final Judgment to enter separately.

DATED this 19th day of November, 2009.

David C. Bury
United States District Judge